IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SANDRA P. HUMPHRIES, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO. 10-00194-CG-N
)
ANDERSON TRUCKING SERVICE, INC. )
et al., )
)
    Defendants. )

REPORT AND RECOMMENDATION

This action is before the undersigned on plaintiffs' motion to remand (docs. 8-9), defendants' response in opposition thereto (doc. 14), and plaintiffs' reply (doc. 15). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for entry of a Report and Recommendation. Upon consideration of these filings and all other pertinent portions of the record, it is recommended that the motion to remand be **granted** and the Clerk of Court be directed to take such steps as are necessary to transfer this action to the Circuit Court of Baldwin County, Alabama.

I.     Background.

This litigation arises from a September 2, 2009, accident in which the plaintiff, Sandra P. Humphries, was pinned against the wall of her self-storage unit by a tractor-trailer truck driven by Defendant Jerry Porter. The tractor was owned by Jerry Porter and the trailer was owned by Defendants Anderson Trucking Service and Sunbelt Furniture

Xpress. Plaintiff's Brief (Doc. 9) at 1; Complaint (Doc. 1 at Exh. A - Part 1) at 2. On December 23, 2009, plaintiff filed this lawsuit in the Circuit Court of Baldwin County, Alabama, against the aforementioned defendants alleging various causes of action for negligence and wantonness. *Id.*; Complaint (Doc. 1 at Exh. A - Part 1) at 2-7.

On February 3, 2010, defendants served the plaintiff with their First Interrogatories, Requests for Production and Requests for Admission. Plaintiff's Brief (Doc. 9) at 1; Defendants' Opposition Brief (Doc. 14) at 2. On March 1, 2010, plaintiff served defendants with her responses. *Id.*; Defendants' Opposition Brief (Doc. 14) at 2-4.

On March 4, 2010, defendants took plaintiff's deposition. During this deposition, plaintiff was asked detailed questions about her injuries, past and future medical treatment and other damages. Plaintiff's Brief (Doc. 9) at 2 and Exh. 1; Defendants' Opposition Brief (Doc. 14) at 4-9.

On March 8, 2010, defendants served the plaintiff with a Second Requests for Admission. Plaintiff's Brief (Doc. 9) at 2; Defendants' Opposition Brief (Doc. 14) at 9. Plaintiff provided responses on April 7, 2010. Defendants' Opposition Brief (Doc. 14) at 10-12 and Exh. E.

Although defendants incorporate in their brief excerpts from both plaintiff's March 4, 2010 deposition[1] and plaintiff's April 7, 2010, answers to defendants' second Request

---

[1] In their Notice of Removal (doc. 1 at 4), defendants describe plaintiff's deposition testimony on March 4, 2010, as "evasive, vague, and non-specific regarding damages," thus acknowledging that the deposition **did not** provide evidence from the plaintiff which established the requisite amount in controversy to vest this Court with jurisdiction. Even if the defendants had relied upon plaintiff's March 4th deposition, plaintiff's testimony was given more than thirty days prior

for admission[2], they do not contend that these excerpts contain evidence establishing that the amount in controversy unequivocally satisfies the jurisdictional amount. Instead, defendants principally rely on an Offer of Judgment they filed on March 18, 2010 in state court. According to the defendants, "[t]he Plaintiff's rejection of the Defendant's Offer of Judgment for $78,500.00 constitutes "other paper" that may be used to establish that the jurisdictional amount has been met." Notice of Removal (Doc. 1 at 10), *citing* 28 U.S.C. § 1446(b). In addition, defendants argue that plaintiff's refusal to accept their offer of judgment in the amount of $78,500 before it expired on April 1, 2010 "was the tipping point that, when taken into account with all the other evidence establishing the amount in controversy, made the case removable." Defendants' Opposition Brief (Doc. 14) at 13 and Exh.F.

---

to removal.

[2]Defendants do cite to plaintiff's response on April 7, 2010, to their Second Set of Requests for Admission by which she "admitted to incurring approximately $64,000.00 in billed medical expenses. Notice of Removal (Doc. 1 at 7) at ¶¶ 8 and 15. The actual request for admission at issue was served on March 8, 2010, and stated : "Please admit that you claim past medical expenses in an amount equal to or greater than $64,000.00 in this suit." Opposition Brief (Doc. 14) at Exh. E (Doc. 14-5) at ¶ 3. Plaintiff's answer was:

> Admitted. Pursuant to Plaintiff's counsel's letter of January 25, 2010, Plaintiff's total medical expenses at that time were ^62,371.12. The medical bills currently in Plaintiff's possession total an amount equal to or greater than $64,000.00.

*Id.* Defendants have not contended that this information regarding plaintiff's medical expenses was not already in defendants' possession more than 30 days prior to the removal of this action. *See e.g.*, Holloway v. Morrow, 2008 WL 401305 (S.D. Ala. Feb. 11, 2008)(removal is untimely if based upon evidence already in defendants possession more than 30 days prior to removal, even if also proffered at a later deposition or answer to discovery requests).

On April 29, 2010, defendants filed a Notice of Removal (doc. 1), asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and was removable under 28 U.S.C. § 1446(b). Defendants specifically contended that "by the plaintiff's refusal of the Offer of Judgment, the Plaintiff has unquestionably placed the value of her case above $75,000.00." Notice of Removal (Doc. 1) at ¶ 18.

Plaintiff filed her motion to remand on May 11, 2010 (doc. 8) on the grounds, in sum, that removal was improper because: (1) the expiration of the defendants' Offer of Judgment does not constitute an "amended pleading, motion, order, or other paper"; (2) defendants did not receive any "other paper" from the plaintiff less than 30 days prior to the filing of their Notice of Removal; and (3) neither the failure to act on the Offer of Judgment nor any other information acquired by the defendants less than 30 days prior to removal provides any new, additional, or different information from which it could be *first ascertained* that the action was removable. Plaintiff's Brief (Doc. 9) at 3. Alternatively, plaintiff argues that defendants have "failed to unambiguously establish that the amount in controversy exceeds $75,000." *Id*.

The motion to remand has been fully briefed and is now ripe for the Court's consideration.

II.     Analysis.

"In a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence." Wiltew v. Parker, 2009 WL 3615041, * 2 (S.D. Ala. Oct. 30, 2009), *citing* McNutt v. General Motors Acceptance

Corp. of Indiana, Inc., 298 U.S. 178 (1936); Lowery v. Alabama Power Co., 483 F.3d 1184, 1210 (11th Cir.2007), *cert. denied sub nom* Hanna Steel Corp. v. Lowery, --- U.S. ----, 128 S.Ct. 2877 (2008). In a removal action, that burden is upon the defendant. *Id*, *citing* Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). "[I]n the removal context, where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery, 483 F.3d at 1208, *citing* Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir.1996) (adopting the "preponderance of the evidence" standard after examining the various burdens of proof in different factual contexts), *overruled on other grounds*, Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir.2000). In addition, "[b]ecause removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand." Holloway v. Morrow, 2008 WL 401305, * 2 (S.D. Ala. Feb. 11, 2008), *citing* University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir.1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction).

The *how* and *when* of removal is also significant. The Eleventh Circuit addressed this matter in Lowery[3] as follows:

> As a threshold matter, § 1446(a) answers the question of *how* removal is accomplished, stating that a defendant may remove any

---

[3] In Lowery, as in the instant action, the removal presents a timing issue under the second paragraph of 28 U.S.C. § 1446(b).

5

"civil action" by filing a notice of removal, signed pursuant to the good faith requirements of Rule 11, which contains "a short and plain statement of the grounds for removal."[4] 28 U.S.C. § 1446(a). Section 1446(b) then answers the question of *when* an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of "a copy of an amended pleading, motion, order or other paper."[Footnote omitted] § 1446(b). Regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for removal. § 1446(b).

483 F.3d at 1211-1213 (emphasis added). As the Eleventh Circuit acknowledged, "[w]hat constitutes 'other paper' [in the second category of cases], has been developed judicially . . . [and] numerous types of documents have been held to qualify, [including]:

---

[4] Section 1446 provides, in relevant part:

> (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court ... a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed ***within thirty days*** after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]

28 U.S.C. § 1446.

responses to requests for admissions, Wilson v. Gen. Motors Corp., 888 F.2d 779, 780 (11th Cir. 1989); settlement offers, Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761-62 (5th Cir.2000); interrogatory responses, Akin v. Ashland Chem. Co., 156 F.3d 1030, 1036 (10th Cir.1998); deposition testimony, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir.1996); demand letters, Williams v. Safeco Ins. Co., 74 F.Supp.2d 925, 929 (W.D.Mo.1999); and email estimating damages, Callahan v. Countrywide Home Loans, Inc., No. 3:06-105, 2006 WL 1776747, at *3-4 (N.D.Fla. June 26, 2006)." 483 F.3d at 1213, n. 62.

The Eleventh Circuit in Lowery also stated that "under § 1446(b), in assessing the propriety of removal, the court considers the document *received by the defendant from the plaintiff*-be it the initial complaint or a later received paper-and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." 483 F.3d at 1213 (emphasis added). The Eleventh Circuit further explained that:

> Under the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements. Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) "an amended pleading, motion, order or other paper," which (2) the *defendant must have received from the plaintiff* (or from the court, if the document is an order), and from which (3) the defendant can "first ascertain" that federal jurisdiction exists. § 1446(b). Under either paragraph, the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction.

483 F.3d at 1215 (emphasis added), *citing*, Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir.2002) (holding that grounds must be "unequivocally clear and certain"); Huffman

v. Saul Holdings, LP, 194 F.3d 1072, 1078 (10th Cir.1999) (same). A panel of the Eleventh Circuit has recently upheld these principles of Lowery as applied to cases removed under the second paragraph of § 1446(b), including the requirement that the "other paper" must constitute evidence "from the plaintiff." Pretka v. Kolter City Plaza II, Inc., 2010 WL 2278358 (11th Cir. June 8, 2010).[5] Lowery's "'receipt from the plaintiff' rule is based on the second paragraph of § 1446(b), and that rule applies if 'the case stated by the initial pleading is not removable' but the case 'has become removable' due to **changed circumstances**." Id. at * 14 (emphasis added). In other words, "[t]he traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable case." Id., citing Insinga v. LaBella, 845 F.2d 249, 252 (11th Cir. 1988)(explaining the judicially created "voluntary-involuntary" rule that applies in diversity cases). Such is the rationale given in Pretka for the rule that "a defendant cannot show that a previously non-removable case 'has become removable' as a result of a document created by the defendant." Id, citing 28 U.S.C. § 1446(b) (second paragraph).

In the instant case, defendants concede that the case was not removable as stated in the initial pleadings because they could not ascertain the amount in controversy. Further, defendants acknowledge that "Plaintiff's deposition testimony and responses to Requests

---

[5]In Pretka, the removal arose under the first paragraph of § 1446(b) and the Eleventh Circuit clarified that, only as to removals based on the first paragraph of § 1446(b), namely removal within thirty days of being served with the summons and initial complaint, is there no limitation on the type of evidence that a defendant could offer once it timely filed a notice of removal. The Eleventh Circuit held, in sum, "that the evidence the defendant may use to establish the jurisdictional facts [under the first paragraph of § 1446(b)] is not limited to that which it received from the plaintiff or the court." 2010 WL 2278358 at * 21.

for Admissions and Interrogatories yielded [only] 'I don't know' responses." *See* Defendants' Opposition Brief (Doc. 14) at 13-14. Rather, the document relied upon by the defendants in the instant case to establish the jurisdictional amount is the Offer of Judgment, which they maintain was refused by the plaintiff and thus constituted the first and only "affirmative statement from the Plaintiff that the amount in controversy exceeded $75,000." *Id*. at 14. This Offer of Judgment reads as follows:

> COME NOW the Defendants, Anderson Trucking Service, Inc., Sunbelt Furniture Xpress, Inc., and Jerry Porter, and, pursuant to Rule 68 of the *Alabama Rules of Civil Procedure*, offer to allow judgment to be taken against them by the Plaintiff, Sandra P. Humphries, for the sum of SEVENTY-EIGHT THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($78,500.00), which sum includes costs now accrued.

*Id.* at Exh. F (emphasis in original). The "refusal" defendants rely upon appears to be the automatic expiration of the Offer of Judgment by operation of law when a plaintiff does not accept it within ten days. Ala.R.Civ.P. 68.[6]

Defendants argue that, despite her silence on the matter, the expiration of the time to respond to the Offer of Judgment constituted "other paper" which was "from the

---

[6] Rule 68 of the Alabama Rules of Civil Procedure states, in pertinent part:

> At any time more than fifteen (15) days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within ten (10) days after the service of the offer, the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. **An offer not accepted shall be deemed <u>withdrawn</u> and evidence thereof is not admissible except in a proceeding to determine costs**....

9

plaintiff" and "triggered removability." Defendants' Opposition Brief (Doc. 14) at 15-20.

Defendants' argument fails on several grounds. First, Rule 68 of the Alabama Rules of Civil Procedure specifically provides that "an offer not accepted shall be deemed **withdrawn** and evidence thereof is not admissible except in a proceeding to determine costs..." Withdrawal of an offer is entirely different from the "refusal" with which defendants seek to bind the plaintiff. Nor have the defendants argued or offered any authority for the proposition that this court need not give effect to the provision of Rule 68 that "evidence [of the plaintiff's failure to accept the offer of judgment] is **not admissible** except in a proceeding to determine cost."

Second, there clearly may be a number of reasons why a plaintiff might allow the 10-day period for accepting an offer of judgment to lapse.[7] Any assumption that the 10-day period lapsed *solely* because the plaintiff rejects the notion that her claim is worth less than $75,000.00 is pure speculation.

Finally, as the Eleventh Circuit recently emphasized:

> Under the second paragraph of § 1446(b), the defendant's receipt of a document indicating that the case "has become removable" opens a new 30-day window for removal. Id. (referring to "other paper from which it may first be ascertained that the case is one which is or has become removable"). The traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one. *See* Insinga v. LaBella, 845 F.2d 249, 252 (11th Cir.1988) (explaining the judicially created "voluntary-involuntary" rule that applies in diversity cases);[footnote omitted] *see also* Weems v.

---

[7] For instance, inattention comes to mind, and could in no way be deemed to equate with a statement by the plaintiff establishing that the amount in controversy exceeded the range of possible values which defendant offered.

> Louis Dreyfus Corp., 380 F.2d 545, 547 (5th Cir.1967). Thus, *a defendant cannot show that a previously non-removable case "has become removable" as a result of a document created by the defendant.* See 28 U.S.C. § 1446(b) (second paragraph).

Pretka, 2010 WL 2278358 at * 14.  The Offer of Judgment relied upon by the defendants in the instant case was created by the defendants and not the plaintiff.  Accordingly, the failure of plaintiff to respond to the Offer of Judgment, and as a result, its expiration by operation of law, does not make this case removable.

III.    Conclusion.

For the reasons stated above, it is recommended that defendants' motion to remand be **GRANTED** and that the Clerk directed to take such steps as are necessary to transfer this action back to the Circuit Court of Baldwin County, Alabama.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the magistrate judge.

**Done** this 29th   day of June 2010.

**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

.

# RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
## AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[8] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this  29th  day of June, 2010.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[8]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).